UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                          Case No. 3:17-cr-4

             Plaintiff,

     v.                                                     MEMORANDUM OPINION
                                                                  AND ORDER

Corey Craff,

             Defendant.

## I.     INTRODUCTION AND BACKGROUND

Defendant Corey Craff seeks to be released from the Federal Bureau of Prisons facility in Elkton, Ohio, and to serve the remainder of his 15-year sentence through supervised home confinement. (Doc. No. 61). Craff alleges he is at an increased risk of suffering serious complications from COVID-19 due to his asthma diagnosis and his incarceration at FCI Elkton, which has garnered national attention following the spread of COVID-19 between inmates and staff members at that facility. (*Id.* at 1-2; Doc. No. 63 at 2-3). Craff asserts he was diagnosed with asthma at age three and has been using his prescribed inhaler with "increasing frequency." (Doc. No. 61 at 8).

On November 19, 2018, I sentenced Craff to serve 180 months in prison and a 20-year term of supervised release, after Craff pled guilty to one count of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a). Craff began serving his sentence on January 19, 2019. (Doc. No. 60).

On March 26, 2020, Attorney General William P. Barr issued a memorandum to the BOP, authorizing the transfer to home confinement of at-risk inmates who are non-violent and pose a minimal likelihood of recidivism, if the BOP determined such a transfer was likely to reduce the inmate's risk of contracting COVID-19 while also adequately protecting the public. *See* https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf. Craff subsequently filed his motion seeking modification of his sentence[1], which the government opposes. (Doc. No. 62). Craff filed a brief in response to the government's opposition. (Doc. No. 63).

On April 13, 2020, four other inmates at FCI Elkton filed an emergency petition for a writ of habeas corpus on behalf of a class of inmates at that facility. *See Wilson et al. v. Williams et al.,* Case No. 4:20-cv-794-JG (N.D. Ohio). Following a hearing, my colleague, United States District Judge James S. Gwin, entered a preliminary injunction granting relief to a subclass of inmates at FCI Elkton. *Wilson*, Case No. 4:20-cv-794, Doc. No. 22. Judge Gwin required the BOP to identify all inmates at FCI Elkton who are "65 years or older and those with documented, pre-existing medical conditions, including heart, lung, kidney, and liver conditions, diabetes, conditions causing a person to be immunocompromised (including, but not limited to cancer treatment, transplants, HIV or AIDS, or the use of immune weakening medications), and severe obesity (body mass index of 40 or higher)." *Id.* at 12. The BOP identified 837 inmates at FCI Elkton, including Craff, who fit within the definition of the subclass. *Wilson*, Case No. 4:20-cv-794, Doc. No. 35-1 at 9.

---

[1] Some courts have construed motions like Craff's as habeas petitions pursuant to 28 U.S.C. § 2241 because that statutory provision permits a defendant to challenge the fact, length, or execution of the defendant's sentence, and transferred the motions to the federal district court in whose jurisdiction the defendant is incarcerated. *See, e.g., United States v. Brady*, Crim. No. 3:17-60, 2020 WL 1865486, at *1 (M.D. Penn. April 14, 2020). That approach fails to account for § 3582's provision of limited jurisdiction to modify a defendant's sentence to the sentencing court, not a court with geographical jurisdiction over the defendant. *Cf.* 28 U.S.C. § 3582 *with* 28 U.S.C. § 2241(d).

Judge Gwin subsequently granted a motion to enforce the preliminary injunction and order the BOP to show cause why it has taken no action in the case of each inmate within the subclass. *Wilson*, Case No. 4:20-cv-794, Doc. No. 85 at 4-10.

In response to my order, (Doc. No. 65), Craff stated his pending motion is not preempted by Judge Gwin's orders because Judge Gwin indicated he did not intend to preclude inmates from seeking relief from sentencing courts[2] and because the BOP largely has failed to comply with Judge Gwin's orders. (Doc. No. 66).

After Craff filed his response to my order, the Sixth Circuit vacated the preliminary injunction Judge Gwin entered, concluding the *Wilson* petitioners had not shown a likelihood of success on the merits of their Eighth Amendment claim. *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020). That litigation remains ongoing.

## II.  ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

Thirty days have passed since Craff submitted his request to the warden at FCI Elkton on April 6, 2020. The parties have offered no update on the status of this request.

---

[2] Judge Gwin indicated he did not intend "to limit a sentencing court's ability to grant compassionate release or any other form of relief to subclass members." *Wilson*, Case No. 4:20-cv-794, Doc. No. 85 at 9.

3

The relief Craff seeks is an order directing that he be transferred to "home confinement under supervised release until conditions are appropriate and safe." (Doc. No. 63 at 6). Craff does not address the Attorney General's instruction that "[s]ome offenses, such as sex offenses, will render an inmate <u>ineligible for home detention</u>." Attorney General William P. Barr, Memorandum for Director of Bureau of Prisons, Re: Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic, Office of the Attorney General (Mar. 26, 2020) at 2, https://www.justice.gov/file/1262731/download.

Craff has served approximately 19 months of the 180-month sentence I imposed following his guilty plea to one count of sexual exploitation of a minor – an offense he committed while living with <u>the same person</u> he proposes as a custodian during a period of furlough or home confinement. (*See* Doc. No. 61 at 9). Thus, notwithstanding the fact he apparently has not incurred any disciplinary citations during the first portion of his incarceration, Craff is particularly ill-suited to serving an indeterminate portion of that sentence outside of a correctional setting.

Nor has Craff identified extraordinary and compelling reasons to justify a reduction in his sentence. While he claims he has been using his inhaler with "increasing frequency," Craff does not provide any context for what constitutes increased use, such as a reference point to define his prior, lesser usage, or any indication as to how often he currently uses his inhaler. Nor does he offer any reason to conclude his asthmatic condition constitutes moderate to severe asthma. *See Zaya v. Adducci*, No. 20-10921, 2020 WL 2487490, at *3 (E.D. Mich. May 14, 2020) (concluding petitioner had not carried his burden of establishing asthma increased his risk of serious illness or death from COVID-19 because "[p]etitioner neither provides the Court with a definition of moderate to severe asthma nor describes the severity of his own"). *Cf. United States v. Roscoe*, No. 19-CR-20537, 2020 WL 1921661, at *6 (E.D. Mich. Apr. 21, 2020) (concluding defendant's asthma warranted "heightened concern about his potential exposure to COVID-19" where defendant had been

"frequently hospitalized as child due to asthma" and jail officials were slow to provide the defendant with a kite inhaler).

While Craff's concerns are understandable, given the presence of COVID-19 in the staff and inmate populations at FCI Elkton along with evidence the virus may be spread by asymptomatic carriers, he fails to show he is entitled to relief under § 3582(c) because he has not demonstrated the combination of his asthma and the generalized risk he may contract COVID-19 constitute extraordinary and compelling reasons to reduce or modify his sentence. *United States v. Murphy*, No. 15-20411, 2020 WL 2507619, at *5 (E.D. Mich. May 15, 2020) (denying defendant's motion for compassionate release in part because defendant failed to show his asthma could "be considered a 'serious physical or medical condition' that 'substantially diminishes [his ability] to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover'").

### III. CONCLUSION

For these reasons, I deny Craff's motion. (Doc. No. 61).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

5